1  Paul A. Stewart (SBN 153,467)
   Paul.Stewart@knobbe.com
2  Paul N. Conover (SBN 192,358)
   Paul.Conover@knobbe.com
3  KNOBBE, MARTENS, OLSON & BEAR, LLP
   2040 Main Street, Fourteenth Floor
4  Irvine, CA  92614
   Telephone: (949) 760-0404
5  Facsimile:  (949) 760-9502

6  Attorneys for Plaintiff,
   SIMPLEHUMAN, LLC
7

8

9            IN THE UNITED STATES DISTRICT COURT

10          FOR THE CENTRAL DISTRICT OF CALIFORNIA

11

12                                        CV12-4222 JFW(AJWx)

13 SIMPLEHUMAN, LLC, a California      )  Civil Action No.
   Limited Liability Company,          )
14                                      )
          Plaintiff,                    )  COMPLAINT FOR PATENT
15                                      )  INFRINGEMENT,
      v.                                )  TRADEMARK
16                                      )  INFRINGEMENT, FALSE
   EKO DEVELOPMENT LIMITED, of         )  DESIGNATION OF ORIGIN,
17 Guangzhou, People's Republic of China, )  TRADEMARK DILUTION,
   ADW ECOMMERCE, LLC, a              )  TRADE DRESS
18 Washington Limited Liability Company, )  INFRINGEMENT, AND
   and ANDERSON DAYMON               )  UNFAIR COMPETITION
19 WORLDWIDE, LLC, a Washington       )
   Limited Liability Company,          )
20                                      )  JURY DEMANDED
          Defendants.                   )
21                                      )

22

23

24

25

26

27

28

FILED

2012 MAY 15  PM 12: 39
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY

Plaintiff Simplehuman, LLC ("Simplehuman") hereby complains of Eko Development Limited, ADW Ecommerce, LLC, and Anderson Daymon Worldwide ("Defendants") and alleges as follows:

## I.  **THE PARTIES**

1.      Plaintiff Simplehuman, LLC, is a limited liability company organized and existing under the laws of the State of California, having its principal place of business at 19801 S. Vermont Avenue, Torrance, California, 90502.

2.      Simplehuman is informed and believes, and thereon alleges, that Eko Development Limited ("Eko") is a company organized and existing under the laws of the People's Republic of China and having an office and a place of business at Flat 1013-1015, R&F Profit Plaza, 76 Huangpu Ave. West, Guangzhou, 510623, People's Republic of China.

3.      Simplehuman is informed and believes, and thereon alleges, that ADW Ecommerce, LLC ("ADW Ecommerce") is a limited liability company organized and existing under the laws of the state of Washington and having an office and a place of business at 845 Lake Drive, Suite 200, Issaquah, Washington, 98027.

4.      Simplehuman is informed and believes, and thereon alleges, that Anderson Daymon Worldwide, LLC ("Anderson Daymon") is a limited liability company organized and existing under the laws of the state of Washington and having an office and a place of business at 845 Lake Drive, Suite 200, Issaquah, Washington, 98027, as well as at 11000 Garden Grove Boulevard, Suite 201, Garden Grove, California, 92843.

5.      Simplehuman is informed and believes, and thereon alleges, that Defendants do business in this judicial district, and have committed the acts alleged herein within this judicial district.

///

## II.  **JURISDICTION AND VENUE**

6.    This Court has original subject matter jurisdiction over the claims in this action that relate to patent infringement, trademark infringement, false designation of origin, trademark dilution, and unfair competition pursuant to Sections 34(a) and 39 of the Lanham Act, 15 U.S.C. §§ 1116(a) and 1121(a), and 28 U.S.C. §§ 1331 and 1338, as these claims arise under the laws of the United States.  The Court has supplemental jurisdiction over the claims in this Complaint which arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.  Further, this Court has jurisdiction over all claims under 28 U.S.C. § 1332 because there is complete diversity among the parties.

7.    This Court has personal jurisdiction over Eko.  Among other things, Eko has committed acts of patent infringement, trademark infringement, trademark dilution, false designation of origin, and unfair competition in this judicial district, including but not limited to selling infringing trash cans into the stream of commerce knowing that such products would be sold in this state and this district, which acts form a substantial part of the events or omissions giving rise to Simplehuman's claims.

8.    This Court has personal jurisdiction over ADW Ecommerce. Among other things, ADW Ecommerce has committed acts of patent infringement, trademark infringement, trademark dilution, false designation of origin, and unfair competition in this judicial district, including but not limited to selling infringing trash cans directly to consumers in this district and selling into the stream of commerce knowing that such products would be sold in this state and this district, which acts form a substantial part of the events or omissions giving rise to Simplehuman's claims.

9.    This Court has personal jurisdiction over Anderson Daymon

- 2 -

because Anderson Daymon has a continuous, systematic, and substantial presence within this judicial district.  In addition, Anderson Daymon has committed acts of patent infringement, trademark infringement, trademark dilution, false designation of origin, and unfair competition in this judicial district, including but not limited selling into the stream of commerce knowing that such products would be sold in this state and this district, which acts form a substantial part of the events or omissions giving rise to Simplehuman's claims.

10.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 28 U.S.C. § 1400(b).

### III.  GENERAL ALLEGATIONS

11.    Simplehuman has been actively engaged in the manufacture and sale of highly stylistic and highly engineered trash cans since at least 2001. Simplehuman is the manufacturer and retailer of several lines of trash cans that have enjoyed substantial success and are protected by various intellectual property rights owned by Simplehuman.

12.    On September 30, 2003, the United States Patent and Trademark Office ("U.S.P.T.O.") duly and lawfully issued United States Patent No. 6,626,316 ("the '316 Patent"), entitled "TRASH CAN ASSEMBLY WITH TOE-KICK RECESS."  Simplehuman is the owner by assignment of all right, title, and interest in the '316 Patent.  A true and correct copy of the '316 Patent is attached hereto as Exhibit A.

13.    On January 3, 2006, the U.S.P.T.O. duly and lawfully issued United States Patent No. 6,981,606 ("the '606 Patent"), entitled "TRASH CAN ASSEMBLY."  Simplehuman is the owner by assignment of all right, title, and interest in the '606 Patent.  A true and correct copy of the '606 Patent is attached hereto as Exhibit B.

14.    On October 17, 2006, the U.S.P.T.O. duly and lawfully issued United States Patent No. 7,121,421 ("the '421 Patent"), entitled "TRASH CAN

ASSEMBLY."  Simplehuman is the owner by assignment of all right, title, and interest in the '421 Patent.  A true and correct copy of the '421 Patent is attached hereto as Exhibit C.

15.    On June 5, 2007, the U.S.P.T.O. duly and lawfully issued United States Patent No. 7,225,943 ("the '943 Patent"), entitled "TRASH CAN ASSEMBLY AND IMPROVEMENTS THERETO."  Simplehuman is the owner by assignment of all right, title, and interest in the '943 Patent.  A true and correct copy of the '943 Patent is attached hereto as Exhibit D.

16.    On July 6, 2010, the U.S.P.T.O. duly and lawfully issued United States Patent No. 7,748,556 ("the '556 Patent"), entitled "TRASH CAN WITH LID."  Simplehuman is the owner by assignment of all right, title, and interest in the '556 Patent.  A true and correct copy of the '556 Patent is attached hereto as Exhibit E.

17.    Simplehuman is the owner of several registered trademarks, including Trademark Registration Nos. 2,812,654, 2,882,479, and 3,616,438 (the "Simplehuman Registered Marks").

18.    Trademark Registration No. 2,812,654 was registered with the U.S.P.T.O. on February 10, 2004 on the Principal Register.  Trademark Registration No. 2,812,654 pertains to the word mark BUTTERFLY STEP CAN and is associated with the following goods: metal trash cans, and household containers sold empty that are used for recycling purposes.  A true and correct copy of the certificate of registration of Trademark Registration No. 2,812,654 is attached hereto as Exhibit F.

19.    Trademark Registration No. 2,882,479 was registered with the U.S.P.T.O. on September 7, 2004 on the Principal Register.  Trademark Registration No. 2,882,479 pertains to the word mark SIMPLEHUMAN and is associated with the following goods: trash bags, trash cans, cleaning cloths for cleaning trash cans, charcoal pads for absorbing odors, and food canisters.  A

1  true and correct copy of the certificate of registration of Trademark Registration
2  No. 2,882,479 is attached hereto as Exhibit G.

3       20.  Trademark Registration No. 3,616,438 was registered with the
4  U.S.P.T.O. on May 5, 2009 on the Principal Register.  Trademark Registration
5  No. 3,616,438 pertains to the following mark:



11  Trademark Registration No. 3,616,438 is associated with following goods:
12  containers for household or kitchen use; containers with lid or cover for
13  household or kitchen use; portable household or kitchen containers; containers
14  for household or kitchen items; containers, namely, trash collecting containers;
15  trash cans; household containers for food; liquid dispensers for soap, lotions,
16  and cleaning fluids; dispensers for cleaning media, namely, for napkins and
17  paper towels; dispensers for cleaning agents; dispensers for soap and detergents;
18  household, bathroom, and kitchen scrubbing and cleaning brushes; housewares,
19  namely, holders for paper towels, paper napkins and bags, dish stands and racks;
20  containers for dispensing trash collection bags; grocery bag holders for
21  household use; support stand for holding bags for collecting trash; containers for
22  organizing kitchen utensils not of precious metal; and shower organizer caddies.
23  A true and correct copy of the certificate of registration of Trademark
24  Registration No. 3,616,438 is attached hereto as Exhibit H.

25       21.  The Simplehuman Registered Marks have not been abandoned,
26  canceled, or revoked.

27       22.  Each of the Simplehuman Registered Marks constitutes an
28  enforceable trademark that uniquely identifies, *inter alia*, trash cans as

emanating from, sponsored by, and/or authorized by Simplehuman.

23.   As a result of the widespread use and display of each of the Simplehuman Registered Marks as a distinctive trademark identifying, *inter alia*, trash cans and related components, (a) the public has come to recognize and identify products bearing any of the Simplehuman Registered Marks as emanating from Simplehuman, (b) the public recognizes that products bearing any of the Simplehuman Registered Marks constitute high quality products that conform to the specifications created by Simplehuman, and (c) each of the Simplehuman Registered Marks has established strong secondary meaning and extensive goodwill.  Furthermore, each of the Simplehuman Marks is inherently distinctive.

24.   Simplehuman also manufactures and sells trash cans bearing a design mark that includes a symbolized side view of a trash can lid moving between open and closed positions ("the Lid Close Mark").  An example of a Simplehuman product bearing the distinctive Lid Close Mark is depicted in the photograph attached as Exhibit I.

25.   Simplehuman has used the distinctive Lid Close Mark in the state of California at least as early as May 2007.  Simplehuman is informed and believes, and thereon alleges, that Simplehuman was the first to have adopted or used the Lid Close Mark within the state of California and outside of the state of California.

26.   As a result of Simplehuman's widespread use and display of the Lid Close Mark in association with its trash cans, (a) the public has come to recognize and identify trash cans bearing the Lid Close Mark as emanating from Simplehuman, (b) the public recognizes that products bearing the Lid Close Mark constitute high quality products that conform to the specifications created by Simplehuman, and (c) the Lid Close Mark has established strong secondary meaning and extensive goodwill.  Furthermore, the Lid Close Mark is inherently

distinctive.

27.     Simplehuman also manufactures and sells trash cans bearing the word mark BULLET ("the BULLET Mark").  An example of the distinctive BULLET Mark used in conjunction with a Simplehuman product is shown in Exhibit J attached hereto.

28.     Simplehuman has used the distinctive BULLET Mark in the state of California at least as early as 2003.  Simplehuman is informed and believes, and thereon alleges, that Simplehuman was the first to have adopted or used the BULLET Mark within the state of California for trash can goods.

29.     As a result of Simplehuman's widespread use and display of the BULLET Mark in association with its trash cans, (a) the public has come to recognize and identify trash cans bearing the BULLET Mark as emanating from Simplehuman, (b) the public recognizes that products bearing the BULLET Mark constitute high quality products that conform to the specifications created by Simplehuman, and (c) the BULLET Mark has established strong secondary meaning and extensive goodwill.  Furthermore, the BULLET Mark is inherently distinctive.

30.     Simplehuman also manufactures and sells trash cans bearing an informative sticker adhered or otherwise connected with the trash cans that provides consumers details regarding the product (*e.g.*, product name and features) and forms distinctive trade dress in the overall design of the labeling of the trash cans ("Label Trade Dress").  An example of a Simplehuman product bearing the distinctive Label Trade Dress is depicted in the photograph attached as Exhibit K.

31.     As a result of Simplehuman's widespread use and display of the Label Trade Dress in association with its trash cans, (a) the public has come to recognize and identify trash cans bearing the Label Trade Dress as emanating from Simplehuman, (b) the public recognizes that products bearing the Label

Trade Dress constitute high quality products that conform to the specifications created by Simplehuman, and (c) the Label Trade Dress has established strong secondary meaning and extensive goodwill.  The Label Trade Dress is also inherently distinctive.

32.  Defendant Eko received actual written notice of at least some of Simplehuman's intellectual property rights described herein as early as September 4, 2009.

33.  Simplehuman has provided constructive notice of its patent rights in the '316 Patent, the '606 Patent, the '421 Patent, the '943 Patent, and the '556 Patent to the public in compliance with 35 U.S.C. § 287.

## IV.  FIRST CLAIM FOR RELIEF

### (Patent Infringement Under 35 U.S.C. § 271)

34.  Simplehuman repeats and re-alleges the allegations of paragraphs 1-33 of this Complaint as if set forth fully herein.

35.  This is a claim for patent infringement arising under 35 U.S.C. § 271.

36.  Defendants, through their agents, employees and servants, have, and continue to, knowingly, intentionally, and willfully directly infringe, engage in acts of contributory infringement, and/or induce the infringement of the '316 patent by directly and/or indirectly making, using, selling, offering for sale and/or importing trash cans that are covered by at least one claim of the '316 patent, including at least Eko's *35 Liter King Kong Step Bin* product, Eko Product No. EK9208P-35L (the "35L King Kong Step Bin").   ADW Ecommerce is believed to use Item No. EKO35L for the 35L King Kong Step Bin.

37.  Defendants' acts of infringement of the '316 Patent were undertaken without permission or license from Simplehuman.  Defendants had actual and/or constructive knowledge of the '316 Patent, and their actions

constitute willful and intentional infringement of the '316 Patent.

38.     Simplehuman is informed and believes, and thereon alleges, that Defendants have derived and received, and will continue to derive and receive, gains, profits and advantages from the aforesaid acts of infringement in an amount that is not presently known to Simplehuman.  By reason of the aforesaid infringing acts, Simplehuman has been damaged and is entitled to monetary relief in an amount to be determined at trial.

39.     Due to the aforesaid infringing acts, Simplehuman has suffered and continues to suffer great and irreparable injury, for which Simplehuman has no adequate remedy at law.

## V.  <u>SECOND CLAIM FOR RELIEF</u>

(Patent Infringement Under 35 U.S.C. § 271)

40.     Simplehuman repeats and re-alleges the allegations of paragraphs 1-39 of this Complaint as if set forth fully herein.

41.     This is a claim for patent infringement arising under 35 U.S.C. § 271.

42.     Defendants, through their agents, employees and servants, have, and continue to, knowingly, intentionally, and willfully directly infringe, engage in acts of contributory infringement, and/or induce the infringement of the '606 Patent by directly and/or indirectly making, using, selling, offering for sale and/or importing trash cans that are covered by at least one claim of the '606 Patent, including at least Defendants' 35L King Kong Step Bin and *30 Liter Shell Bin*, Eko Product No. EK9218MT-30L (the "30L Shell Bin").   ADW Ecommerce is believed to use Item No. EKO30L for the 30L Shell Bin.

43.     Defendants' acts of infringement of the '606 Patent were undertaken without permission or license from Simplehuman.  Defendants had actual and/or constructive knowledge of the '606 Patent, and their actions constitute willful and intentional infringement of the '606 Patent.

44.     Simplehuman is informed and believes, and thereon alleges, that Defendants have derived and received, and will continue to derive and receive, gains, profits and advantages from the aforesaid acts of infringement in an amount that is not presently known to Simplehuman.  By reason of the aforesaid infringing acts, Simplehuman has been damaged and is entitled to monetary relief in an amount to be determined at trial.

45.     Due to the aforesaid infringing acts, Simplehuman has suffered and continues to suffer great and irreparable injury, for which Simplehuman has no adequate remedy at law.

## VI.  THIRD CLAIM FOR RELIEF

(Patent Infringement Under 35 U.S.C. § 271)

46.     Simplehuman repeats and re-alleges the allegations of paragraphs 1-45 of this Complaint as if set forth fully herein.

47.     This is a claim for patent infringement arising under 35 U.S.C. § 271.

48.     Defendants, through their agents, employees and servants, have, and continue to, knowingly, intentionally, and willfully directly infringe, engage in acts of contributory infringement, and/or induce the infringement of the '421 Patent by directly and/or indirectly making, using, selling, offering for sale and/or importing trash cans that are covered by at least one claim of the '421 Patent, including at least Defendants' 35L King Kong Step Bin and the 30L Shell Bin.

49.     Defendants' acts of infringement of the '421 Patent were undertaken without permission or license from Simplehuman.  Defendants had actual and/or constructive knowledge of the '421 Patent, and its actions constitute willful and intentional infringement of the '421 Patent.

50.     Simplehuman is informed and believes, and thereon alleges, that Defendants have derived and received, and will continue to derive and receive,

gains, profits and advantages from the aforesaid acts of infringement in an amount that is not presently known to Simplehuman.  By reason of the aforesaid infringing acts, Simplehuman has been damaged and is entitled to monetary relief in an amount to be determined at trial.

51.    Due to the aforesaid infringing acts, Simplehuman has suffered and continues to suffer great and irreparable injury, for which Simplehuman has no adequate remedy at law.

## VII.  <u>FOURTH CLAIM FOR RELIEF</u>

### (Patent Infringement Under 35 U.S.C. § 271)

52.    Simplehuman repeats and re-alleges the allegations of paragraphs 1-51 of this Complaint as if set forth fully herein.

53.    This is a claim for patent infringement arising under 35 U.S.C. § 271.

54.    Defendants, through their agents, employees and servants, have, and continue to, knowingly, intentionally, and willfully directly infringe, engage in acts of contributory infringement, and/or induce the infringement of the '943 Patent by directly and/or indirectly making, using, selling, offering for sale and/or importing trash cans that are covered by at least one claim of the '943 Patent, including at least Defendants' 35L King Kong Step Bin.

55.    Defendants' acts of infringement of the '943 Patent were undertaken without permission or license from Simplehuman.  Defendants had actual and/or constructive knowledge of the '943 Patent, and their actions constitute willful and intentional infringement of the '943 Patent.

56.    Simplehuman is informed and believes, and thereon alleges, that Defendants have derived and received, and will continue to derive and receive, gains, profits and advantages from the aforesaid acts of infringement in an amount that is not presently known to Simplehuman.  By reason of the aforesaid infringing acts, Simplehuman has been damaged and is entitled to monetary

1    relief in an amount to be determined at trial.

2        57.    Due to the aforesaid infringing acts, Simplehuman has suffered and

3    continues to suffer great and irreparable injury, for which Simplehuman has no

4    adequate remedy at law.

5                    **VIII.  <u>FIFTH CLAIM FOR RELIEF</u>**

6                (Patent Infringement Under 35 U.S.C. § 271)

7        58.    Simplehuman repeats and re-alleges the allegations of paragraphs

8    1-57 of this Complaint as if set forth fully herein.

9        59.    This is a claim for patent infringement arising under 35 U.S.C.

10   § 271.

11       60.    Defendants, through their agents, employees and servants, have,

12   and continue to, knowingly, intentionally, and willfully directly infringe, engage

13   in acts of contributory infringement, and/or induce the infringement of the '556

14   Patent by directly and/or indirectly making, using, selling, offering for sale

15   and/or importing trash cans that are covered by at least one claim of the '556

16   Patent, including at least Defendants' 35L King Kong Step Bin.

17       61.    Defendants' acts of infringement of the '556 Patent were

18   undertaken without permission or license from Simplehuman.  Defendants had

19   actual and/or constructive knowledge of the '556 Patent, and their actions

20   constitute willful and intentional infringement of the '556 Patent.

21       62.    Simplehuman is informed and believes, and thereon alleges, that

22   Defendants have derived and received, and will continue to derive and receive,

23   gains, profits and advantages from the aforesaid acts of infringement in an

24   amount that is not presently known to Simplehuman.  By reason of the aforesaid

25   infringing acts, Simplehuman has been damaged and is entitled to monetary

26   relief in an amount to be determined at trial.

27       63.    Due to the aforesaid infringing acts, Simplehuman has suffered and

28   continues to suffer great and irreparable injury, for which Simplehuman has no

adequate remedy at law.

## IX.  SIXTH CLAIM FOR RELIEF

(Federal Trademark Infringement Under 15 U.S.C. § 1114)

64.    Simplehuman repeats and re-alleges the allegations of paragraphs 1-63 of this Complaint as if set forth fully herein.

65.    This is a claim for trademark infringement arising under 15 U.S.C. § 1114.

66.    Upon information and belief, Defendant Eko is involved in the manufacture, sale, offer for sale, distribution, import, and/or export of trash cans that bear one or more of the Simplehuman Registered Marks without Simplehuman's consent.  For example, on or about March 10, 2012 though March 13, 2012, at the 2012 International Home and Housewares Show ("IHHS") in Chicago, Illinois, Eko distributed literature regarding its products that included a logo labeled "Fingerprint proof" that is shown below and infringes Simplehuman's Trademark Registration No. 3,616,438, which is also shown below for comparison purposes.

| Eko's Literature at IHHS | Simplehuman's Reg. No. 3,616,438 |
|---|---|
|  |  |

67.    As an additional example, Eko uses the names "HUMANBINS" in connection with the sale and advertising of certain of its trash cans, as shown

below.    Such use infringes Simplehuman's Trademark Registration No. 2,882,479, which pertains to the word mark SIMPLEHUMAN.



68.    As a further example, Eko uses the name "BUTTERFLY PEDAL BIN" in connection with the sale and advertising of certain of its metal trash cans, as shown below.    Such use infringes Simplehuman's Trademark Registration No. 2,812,654, which pertains to the word mark BUTTERFLY STEP CAN.



69.   Upon information and belief, long after Simplehuman's adoption and use of each of the Simplehuman Registered Marks, and after the federal registration of each of the Simplehuman Registered Marks, Eko affixed and used each of the Simplehuman Marks without Simplehuman's consent in a manner that infringes Simplehuman's rights in the Simplehuman Marks in violation of 15 U.S.C. § 1114.

70.   Without Simplehuman's consent, Eko used in commerce marks that are confusing similar to the Simplehuman Registered Marks in connection with the sale, offering for sale, distribution or advertising of goods in a manner which is likely to cause confusion, or to cause mistake, or to deceive.

71.    Simplehuman is informed and believes, and thereon alleges, that Eko did so with the intent to unfairly compete with Simplehuman, to trade upon Simplehuman's reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that Eko's products are associated with, sponsored by, originated from, or are approved by Simplehuman, when they are not.

72.    Eko's activities constitute willful and intentional infringement of the Simplehuman Registered Marks in total disregard of Simplehuman's proprietary rights, and were done despite Eko's knowledge that the use of the Simplehuman Registered Marks was and is in direct contravention of Simplehuman's rights.

73.    Simplehuman is informed and believes, and thereon alleges, that Eko has derived and received, and will continue to derive and receive, gains, profits and advantages from the use of the Simplehuman Marks in an amount that is not presently known to Simplehuman.  By reason of Eko's actions, constituting unauthorized use of the Simplehuman Registered Marks, Simplehuman has been damaged and is entitled to monetary relief in an amount to be determined at trial.

74.    Due to Eko's actions, constituting unauthorized use of the Simplehuman Registered Marks, Simplehuman has suffered and continues to suffer great and irreparable injury, for which Simplehuman has no adequate remedy at law.

## X.  SEVENTH CLAIM FOR RELIEF

(Federal Unfair Competition & False Designation of Origin

Under 15 U.S.C. § 1125(a))

75.    Simplehuman repeats and re-alleges the allegations of paragraphs 1-74 of this Complaint as if set forth fully herein.

76.    This is a claim for unfair competition and false designation of

- 16 -

origin arising under 15 U.S.C. § 1125(a).

77.   Defendant Eko's use of the Simplehuman Registered Marks, as well as the Lid Close Mark, without Simplehuman's consent constitutes a false designation of origin, false or misleading description of fact or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods or commercial activities by another person in violation of 15 U.S.C. § 1125(a).

78.   Such conduct by Eko is likely to confuse, mislead, and deceive Eko's customers, purchasers, and members of the public as to the origin of the Simplehuman Registered Marks, as well as the Lid Close Mark, or cause said persons to believe that Eko and/or its products have been sponsored, approved, authorized, or licensed by Simplehuman or are in some way affiliated or connected with Simplehuman, all in violation of 15 U.S.C. § 1125(a).

79.   Upon information and belief, Eko's actions were undertaken willfully with full knowledge of the falsity of such designation of origin and false descriptions or representations, and with the express intent to cause confusion, and to mislead and deceive the purchasing public.

80.   Eko's use of the Simplehuman Registered Marks, as well as the Lid Close Mark, without Simplehuman's consent also constitutes unfair competition with Simplehuman.

81.   Defendant Anderson Daymon's use of Simplehuman's BULLET Mark without Simplehuman's consent constitutes a false designation of origin, false or misleading description of fact or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods or commercial

1   activities by another person in violation of 15 U.S.C. § 1125(a).

2       82.    Such conduct by Anderson Daymon is likely to confuse, mislead,

3   and deceive Anderson Daymon's customers, purchasers, and members of the

4   public as to the origin of the BULLET Mark, or cause said persons to believe

5   that Anderson Daymon and/or its products have been sponsored, approved,

6   authorized, or licensed by Simplehuman or are in some way affiliated or

7   connected with Simplehuman, all in violation of 15 U.S.C. § 1125(a).

8       83.    Upon information and belief, Anderson Daymon's actions were

9   undertaken willfully with full knowledge of the falsity of such designation of

10   origin and false descriptions or representations, and with the express intent to

11   cause confusion, and to mislead and deceive the purchasing public.

12       84.    Anderson Daymon's use of the BULLET Mark without

13   Simplehuman's consent also constitutes unfair competition with Simplehuman.

14       85.    Simplehuman is informed and believes, and thereon alleges, that

15   Eko and Anderson Daymon have derived and received, and will continue to

16   derive and receive, gains, profits and advantages from Eko and Anderson

17   Daymon's respective false designation of origin, false or misleading description

18   of fact or false or misleading representation of fact, and unfair competition in an

19   amount that is not presently known to Simplehuman.  By reason of Eko and

20   Anderson Daymon's respective actions, constituting false designation of origin,

21   false or misleading description of fact or false or misleading representation of

22   fact, and unfair competition, Simplehuman has been damaged and is entitled to

23   monetary relief in an amount to be determined at trial.

24       86.    Due to Eko and Anderson Daymon's respective actions,

25   constituting false designation of origin, false or misleading description of fact or

26   false or misleading representation of fact, and unfair competition, Simplehuman

27   has suffered and continues to suffer great and irreparable injury, for which

28   Simplehuman has no adequate remedy at law.

# XI.  EIGHTH CLAIM FOR RELIEF

(Federal Trademark Dilution Under (15 U.S.C. § 1125(c))

87.     Simplehuman repeats and re-alleges the allegations of paragraphs 1-86 of this Complaint as if set forth fully herein.

88.     This is a claim for trademark dilution under 15 U.S.C. § 1125(c).

89.     The products sold by Simplehuman under the SIMPLEHUMAN word mark have been widely advertised, promoted, and distributed to the purchasing public throughout the United States and the world.

90.     Products sold under the SIMPLEHUMAN word mark, by reason of their style and design and quality of workmanship, have come to be known to the purchasing public throughout the United States as representing products of high quality, which are sold under good merchandising and customer service conditions.  As a result, the SIMPLEHUMAN word mark, and the goodwill associated therewith, are of great value to Simplehuman.

91.     By virtue of the wide renown acquired by the SIMPLEHUMAN word mark, coupled with the national and international distribution and extensive sale of various products distributed under this trademark, the SIMPLEHUMAN word mark has become famous.

92.     Eko's actions have diluted the distinctive qualities of the SIMPLEHUMAN word mark.  Upon information and belief, Eko's actions were done willfully with intent to exploit Simplehuman's reputation and dilute the SIMPLEHUMAN word mark.

93.     By reason of the aforesaid acts constituting trademark dilution, Simplehuman has been damaged and is entitled to monetary relief in an amount to be determined at trial.

94.     Due to Eko's actions, constituting trademark dilution, Simplehuman has suffered and continues to suffer great and irreparable injury, for which Simplehuman has no adequate remedy at law.

## XII.  <u>NINTH CLAIM FOR RELIEF</u>

(Federal Trade Dress Infringement Under 15 U.S.C. § 1125(a))

95.     Simplehuman repeats and re-alleges the allegations of paragraphs 1-94 of this Complaint as if set forth fully herein.

96.     This is a claim for trade dress infringement under 15 U.S.C. § 1125(a).

97.     As a result of the widespread use and display of Simplehuman's Label Trade Dress, the trade dress has acquired secondary meaning to potential purchasers, in that potential purchasers have come to associate trash cans bearing the overall design of the Label Trade Dress with Simplehuman.

98.     Subsequent to Simplehuman's use and adoption of the Label Trade Dress, Defendant Eko developed, advertised, and offered for sale trash cans that use trade dress that is confusingly similar to the Label Trade Dress.   For example, on or about March 10, 2012 though March 13, 2012, at the 2012 IHHS in Chicago, Illinois, Eko displayed trash can products bearing labels confusingly similar to the Label Trade Dress, as shown in the picture below.   For comparison, an example of Simplehuman's Label Trade Dress is also depicted below.

///

///

///

///

///

///

///

///

///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21

| Eko's Product Displayed at IHHS | Simplehuman's Label Trade Dress |
| --- | --- |
|  |  |

22   99.     Eko's use of this label in connection with its trash cans constitutes

23   a false designation of origin that is likely to cause confusion, or to cause

24   mistake, or to deceive as to the affiliation, connection, or association of Eko

25   with Simplehuman.

26   100.   Eko's false designation of origin, when used in commercial

27   advertising or promotion, misrepresents the nature, characteristics, qualities, or

28   geographic origin of Eko's goods by representing to consumers that Eko's

products have the same nature, characteristics, qualities, and origin as Simplehuman's products.

101.   Upon information and belief, Eko's acts of trade dress infringement were undertaken willfully with full knowledge of the falsity of such designation of origin and false descriptions or representations, and with the express intent to cause confusion, and to mislead and deceive the purchasing public.

102.   Simplehuman is informed and believes, and thereon alleges, that Eko has derived and received, and will continue to derive and receive, gains, profits and advantages from Eko's trade dress infringement in an amount that is not presently known to Simplehuman.  By reason of Eko's actions, constituting trade dress infringement, Simplehuman has been damaged and is entitled to monetary relief in an amount to be determined at trial.

103.   Due to Eko's actions, constituting trade dress infringement, Simplehuman has suffered and continues to suffer great and irreparable injury, for which Simplehuman has no adequate remedy at law.

### XIII.  TENTH CLAIM FOR RELIEF

(California Common Law Trademark Infringement)

104.   Simplehuman repeats and re-alleges the allegations of paragraphs 1-103 of this Complaint as if set forth fully herein.

105.   This is a claim for trademark infringement arising under California common law.

106.   Defendant Eko's acts complained of herein constitute trademark infringement under California common law.   In particular, Eko's use of trademarks that are confusingly similar to the Simplehuman Registered Marks, as alleged above, constitutes trademark infringement under California common law.   Furthermore, Eko's use of trade dress that is confusingly similar to Simplehuman's Label Trade Dress, as alleged above, constitutes trade dress infringement under California common law.

107.   In addition, on or about March 10, 2012 though March 13, 2012, at the 2012 IHHS in Chicago, Illinois, Eko distributed literature regarding its products that included a logo labeled "Soft Close" that is shown below and infringes the Lid Close Mark, which is also shown below for comparison purposes.

| Eko's Literature at IHHS | The Lid Close Mark |
| --- | --- |
|  |  |

108.   Eko's "Soft Close" logo is confusingly similar to Simplehuman's Lid Close Mark and constitutes trademark infringement under California common law.

109.   Eko's acts complained of herein are willful and deliberate and committed with knowledge that Eko's unauthorized use of the Simplehuman Registered Marks, Label Trade Dress, and the Lid Close Mark causes a likelihood of confusion.

110.   Furthermore, upon information and belief, Anderson Daymon is involved in the manufacture, sale, offer for sale, distribution, import, and/or export of trash cans that bear the BULLET Mark without Simplehuman's consent.   Anderson Daymon is the owner of the U.S. Trademark Serial No. 77,880,942, now abandoned, for the word mark URBAN INDOORS.  Trash

cans under Anderson Daymon's Urban Indoors brand that bear the BULLET Mark have been offered for sale and/or sold in the United States via certain retailers, such as Costco Wholesale Corporation, as shown in Exhibit L which is attached hereto.   Such use of the BULLET Mark by Anderson Daymon constitutes trademark infringement under California common law.

111.   Anderson Daymon's acts complained of herein are willful and deliberate and committed with knowledge that Anderson Daymon's unauthorized use of the BULLET Mark causes a likelihood of confusion.

112.   Simplehuman is informed and believes, and thereon alleges, that Eko and Anderson Daymon have each derived and received and will continue to derive and receive, gains, profits and advantages from their respective trademark infringement in an amount that is not presently known to Simplehuman.

113.   By reason of Eko and Anderson Daymon's wrongful acts as alleged in this Complaint, Simplehuman has been damaged and is entitled to monetary relief in an amount to be determined at trial.

114.   Due to Eko and Anderson Daymon's trademark infringement, Simplehuman has suffered and continues to suffer great and irreparable injury for which Simplehuman has no adequate remedy at law.

115.   Eko and Anderson Daymon's willful acts of trademark infringement under California common law constitute fraud, oppression, and malice.   Accordingly, Simplehuman is entitled to exemplary damages.

## XIV.  ELEVENTH CLAIM FOR RELIEF

(California Unfair Competition)

116.   Simplehuman repeats and re-alleges the allegations of paragraphs 1-115 of this Complaint as if set forth fully herein.

117.   This is a claim for unfair competition, arising under California Business & Professions Code § 17200, *et seq*. and California common law.

118.   Defendant Eko's acts of trademark infringement, false designation of origin, trademark dilution, and trade dress infringement complained of herein constitute unfair competition with Simplehuman under the common law and statutory laws of the State of California, particularly California Business & Professions Code § 17200 *et seq.*

119.   Simplehuman is informed and believes, and thereon alleges, that Eko has derived and received, and will continue to derive and receive, gains, profits and advantages from Eko's unfair competition in an amount that is not presently known to Simplehuman.  By reason of Eko's wrongful acts as alleged in this Complaint, Simplehuman has been damaged and is entitled to monetary relief in an amount to be determined at trial.

120.   By its actions, Eko has injured and violated the rights of Simplehuman and has irreparably injured Simplehuman, and such irreparable injury will continue unless Eko is enjoined by this Court.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Simplehuman prays for judgment in its favor against Defendants for the following relief:

A.     An Order adjudging Defendants to have directly and indirectly infringed the '316 Patent under 35 U.S.C. § 271;

B.     A preliminary and permanent injunction enjoining Defendants, their respective officers, directors, agents, servants, employees and attorneys, and those persons in active concert or participation with Defendants, from directly or indirectly infringing the '316 Patent, in violation of 35 U.S.C. § 271;

C.     That Defendants account for all gains, profits, and advantages derived by Defendants' infringement of the '316 Patent, in violation of 35 U.S.C. § 271, and that Defendants pay to Simplehuman all damages suffered by Simplehuman;

///

- 25 -

D.     An Order adjudging Defendants to have directly and indirectly infringed the '606 Patent under 35 U.S.C. § 271;

E.     A preliminary and permanent injunction enjoining Defendants, their respective officers, directors, agents, servants, employees and attorneys, and those persons in active concert or participation with Defendants, from directly or indirectly infringing the '606 Patent, in violation of 35 U.S.C. § 271;

F.     That Defendants account for all gains, profits, and advantages derived by Defendants' infringement of the '606 Patent, in violation of 35 U.S.C. § 271, and that Defendants pay to Simplehuman all damages suffered by Simplehuman;

G.     An Order adjudging Defendants to have directly and indirectly infringed the '421 Patent under 35 U.S.C. § 271;

H.     A preliminary and permanent injunction enjoining Defendants, their respective officers, directors, agents, servants, employees and attorneys, and those persons in active concert or participation with Defendants, from directly or indirectly infringing the '421 Patent, in violation of 35 U.S.C. § 271;

I.     That Defendants account for all gains, profits, and advantages derived by Defendants' infringement of the '421 Patent, in violation of 35 U.S.C. § 271, and that Defendants pay to Simplehuman all damages suffered by Simplehuman;

J.     An Order adjudging Defendants to have directly and indirectly infringed the '943 Patent under 35 U.S.C. § 271;

K.     A preliminary and permanent injunction enjoining Defendants, their respective officers, directors, agents, servants, employees and attorneys, and those persons in active concert or participation with Defendants, from directly or indirectly infringing the '943 Patent, in violation of 35 U.S.C. § 271;

L.     That Defendants account for all gains, profits, and advantages derived by Defendants' infringement of the '943 Patent, in violation of

35 U.S.C. § 271, and that Defendants pay to Simplehuman all damages suffered by Simplehuman;

M.      An Order adjudging Defendants to have directly and indirectly infringed the '556 Patent under 35 U.S.C. § 271;

N.      A preliminary and permanent injunction enjoining Defendants, their respective officers, directors, agents, servants, employees and attorneys, and those persons in active concert or participation with Defendants, from directly or indirectly infringing the '556 Patent, in violation of 35 U.S.C. § 271;

O.      That Defendants account for all gains, profits, and advantages derived by Defendants' infringement of the '556 Patent, in violation of 35 U.S.C. § 271, and that Defendants pay to Simplehuman all damages suffered by Simplehuman;

P.      An Order for a trebling of damages and/or exemplary damages because of Defendants' willful conduct pursuant to 35 U.S.C. § 284;

Q.      An Order adjudging that this is an exceptional case;

R.      An award to Simplehuman of the attorneys' fees and costs incurred by Simplehuman in connection with this action pursuant to 35 U.S.C. § 285;

S.      That Defendant Eko, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with Eko, be preliminarily and permanently enjoined and restrained from infringing the Simplehuman Registered Marks as complained of in this Complaint;

T.      That Eko, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with Eko, be preliminarily and permanently enjoined and restrained from infringing Simplehuman's Label Trade Dress as complained of in this Complaint;

U.      That Eko, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with Eko, be preliminarily

and permanently enjoined and restrained from infringing Simplehuman's Lid Close Mark as complained of in this Complaint;

V.     That Anderson Daymon, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with Anderson Daymon, be preliminarily and permanently enjoined and restrained from infringing Simplehuman's BULLET Mark as complained of in this Complaint;

W.     A preliminary and permanent injunction against Eko and Anderson Daymon, their respective agents, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or participation with Eko and Anderson Daymon, enjoining them from engaging in the following activities and from assisting or inducing, directly or indirectly, others to engage in the following activities:

1. falsely designating the origin of Eko and Anderson Daymon's respective goods;

2. unfairly competing with Simplehuman in any manner whatsoever; and

3. causing a likelihood of confusion or injuries to Simplehuman's business reputation;

X.     That Eko and Anderson Daymon be required to account to Simplehuman for any and all profits derived by their respective acts of trademark infringement, false designation of origin, trade dress infringement, and unfair competition complained of in this Complaint;

Y.     That Eko and Anderson Daymon be required to disgorge those profits and pay them over to Simplehuman;

Z.     That Eko and Anderson Daymon's acts of trademark infringement, false designation of origin, trademark dilution, trade dress infringement, and unfair competition complained of in this Complaint be deemed willful; that this

be deemed an exceptional case; that Simplehuman be entitled to enhanced damages and an enhanced award of Eko and Anderson Daymon's disgorged profits; and that Simplehuman recover its attorneys' fees under 15 U.S.C. § 1117;

     AA.   That Simplehuman have and recover the costs of this civil action;

     BB.   An award of pre-judgment and post-judgment interest and costs of this action against Defendants; and

     CC.   Such other and further relief as this Court may deem just.

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: 5/15/12     By: _____

Paul A. Stewart
Paul N. Conover

Attorneys for Plaintiff,
SIMPLEHUMAN, LLC

- 29 -

1

## **DEMAND FOR JURY TRIAL**

2      Plaintiff Simplehuman, Inc. hereby demands a trial by jury on all issues

3 so triable.

4

5                              KNOBBE, MARTENS, OLSON & BEAR, LLP

6

7 Dated: **5/15/12**          By: *Paul Conover*

8                                  Paul A. Stewart
                                   Paul N. Conover

9
                                   Attorneys for Plaintiff,
10                                 SIMPLEHUMAN, LLC

11

12
13227648
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                   - 30 -